Filed 9/30/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| G. MITCHELL KIRK et al., | H048745 |
| Plaintiffs and Appellants, | (Santa Clara County Super. Ct. No. 19CV346360) |
| v. | |
| CITY OF MORGAN HILL et al., | |
| Defendants and Respondents. | |

Plaintiffs G. Mitchell Kirk and the California Rifle & Pistol Association contend a Morgan Hill city ordinance requiring that the theft or loss of a gun be reported within 48 hours is preempted by a state law requiring that missing guns be reported within five days. Their contention fails because local governments are free to impose stricter gun regulations than state law, which is what the ordinance at issue here does. It does not conflict with the more permissive state standard and is not preempted. We will therefore affirm the trial court's order granting summary judgment for the City of Morgan Hill.

## I. BACKGROUND

California law requires notification to "a local law enforcement agency in the jurisdiction in which the theft or loss occurred" when a gun is lost or stolen. (Pen. Code, § 25250, subd. (a).) The person who owns or possessed the gun must make the report "within five days of the time he or she knew or reasonably should have known that the firearm had been stolen or lost." (*Ibid*.) A violation of that requirement is an infraction punishable by a $100 fine. (Pen. Code, § 25265, subd. (a).) Penalties increase for repeat offenses: a second violation is an infraction punishable by a $1,000 fine; a third or subsequent offense is a misdemeanor carrying a maximum six-month jail term. (Pen.

Code, § 25265, subds. (b), (c).)  The reporting requirement was enacted as part of the Safety for All Act of 2016, a voter initiative intended to prevent gun violence with "reasonable, common-sense gun laws" that "reduce gun deaths and injuries, keep guns away from criminals and fight illegal gun trafficking." (Prop. 63, § 2, approved Nov. 8, 2016, eff. Nov. 9, 2016.)

In 2018, the Morgan Hill City Council adopted its own missing firearm reporting requirement.  The ordinance requires notification to the Morgan Hill Police Department within 48 hours of discovering a gun is missing.  (Morgan Hill Mun. Code, Ch. 9.04.030.)  The requirement applies when either the gun owner lives in Morgan Hill, or the loss occurs there.  (*Ibid*.)  A reporting violation is a misdemeanor punishable by up to six-months in jail and a $1,000 fine. (*Id.*, Ch. 1.24.010.)  In a report to the City Council recommending adoption of the ordinance, city staff noted that "[e]arlier notification of lost or stolen firearms allows police to more easily identify stolen weapons during the course of an investigation," and that "[t]he 48-hour reporting period also provides an opportunity for early identification and may reduce the chance of lost or stolen firearms being used in additional crimes."

Morgan Hill resident G. Mitchell Kirk and the California Rifle & Pistol Association sued to invalidate the local ordinance.  They brought an action for declaratory relief, asserting the ordinance is preempted by the state law five-day reporting requirement for missing firearms.  The trial court found no preemption and granted summary judgment for the city.  Statutory preemption is a legal question which we review de novo.  (*T-Mobile West LLC v. City and County of San Francisco* (2019) 6 Cal.5th 1107, 1118.)

## II.  DISCUSSION

The California Constitution gives cities broad authority to make and enforce their own laws.  (Cal. Const., art. 11, § 7.)  In terms of what a city may regulate, municipal lawmaking authority is the same as that of the state legislature.  (*California Rifle & Pistol*

2

*Assn. v. City of West Hollywood* (1998) 66 Cal.App.4th 1302, 1310.) Municipal laws must not conflict with state law, however. (See Cal. Const., art. 11, § 7.) Local ordinances that conflict with state law are preempted and invalid. (*Harrahill v. City of Monrovia* (2002) 104 Cal.App.4th 761, 764.) Local legislation is in conflict if it duplicates or contradicts state law, or if it intrudes on an area the Legislature has intended to occupy completely. (*T-Mobile West LLC v. City and County of San Francisco*, *supra*, 6 Cal.5th 1107, 1116.) We examine the Morgan Hill ordinance to determine whether it does any of those things.

### Duplication

A local ordinance duplicates state law if it is coextensive with the statute, such that both laws impose the same requirement or prohibit the same thing. (*Sherwin-Williams Co. v. City of Los Angeles* (1993) 4 Cal.4th 893, 898.) Here, the local ordinance imposes a stricter requirement— the obligation to report a missing firearm within 48 hours— than Penal Code section 25250, which allows up to five days to report a missing firearm. Since the ordinance imposes a more stringent requirement, it is not coextensive with state law and is therefore not duplicative.

Plaintiffs argue the ordinance duplicates state law because a criminal conviction for violating the ordinance will bar prosecution for a violation of the state law on double jeopardy grounds. (See *Cohen v. Board of Supervisors* (1985) 40 Cal.3d 277, 292, fn. 12.) But a violation of the ordinance will not necessarily be a violation of the statute. Because the local ordinance mandates a missing gun be reported three days sooner than state law, a person can violate the ordinance without violating the state statute (i.e., by reporting a missing gun three to five days after the fact). We acknowledge the overlap between the ordinance and the state law. But covering *some* of the same ground as a state law is not enough to render an ordinance duplicative for preemption purposes. The question is not whether conviction under the ordinance could bar a state prosecution but whether it will. Duplication occurs only where the ordinance covers no different ground,

3

so "a conviction under the ordinance will operate to bar prosecution under state law for the same offense." (*Ibid.*, quoting *People v. Orozco* (1968) 266 Cal.App.2d 507, 511, fn. 1.) If it is possible to violate the ordinance without violating state law, as it is here, there is no duplication. (See *Great Western Shows, Inc. v. County of Los Angeles* (2002) 27 Cal.4th 853, 865.)

**Contradiction**

Local legislation contradicts state law when it obstructs the application of the state statute. (*Sherwin-Williams Co. v. City of Los* Angeles, *supra*, 4 Cal.4th 893, 899.) That happens when an ordinance prohibits what a statute commands or commands what a statute prohibits. (*Id.* at p. 903.) Penal Code section 25250 sets a minimum standard and merely establishes the outer limit for when a report must be made. The statute requires notification to law enforcement within five days of discovering a gun is missing, not precisely at five days; it is also permissible to notify law enforcement earlier. As a result, the local ordinance requiring a report sooner than five days does not command anything the state law prohibits. A person who obeys the ordinance's command to report a missing gun within 48 hours will not violate Penal Code section 25250. Nor does the 48-hour requirement otherwise obstruct the purpose of the state law, which is to ensure prompt reporting of missing firearms. Requiring a report within 48 hours is entirely consistent with and furthers that purpose. The ordinance does not contradict state law.

**Occupation**

A local ordinance can conflict with a statute by intruding on an area the Legislature (or here, the electorate acting via initiative) intended the statute to completely occupy. (*Sherwin-Williams Co. v. City of Los* Angeles, *supra*, 4 Cal.4th 893, 897–898.) Intent to fully occupy the field can be either express or implied. (*T-Mobile West LLC v. City and County of San Francisco*, *supra*, 6 Cal.5th 1107, 1116.)

The text of a statute may expressly convey an intent to disallow local regulation. (*T-Mobile West LLC v. City and County of San Francisco*, *supra*, 6 Cal.5th 1107, 1116.)

4

That is not the case here, as Penal Code section 25250 does not contain language precluding municipalities from issuing their own requirements for reporting missing guns. Implied intent to fully occupy an area exists where a statutory scheme has "comprehensively regulated in an area, leaving no room for additional local action." (*Id.* at p. 1122.) Implied occupation will not be found, however, where the matter is one generally left to local regulation and where significant local interests may differ from one city to another. (*Ibid.*)

Here we observe that the California Supreme Court has already recognized firearm regulation as an area with significant—and varying—local interests. (See *Great Western Shows, Inc. v. County of Los Angeles*, *supra*, 27 Cal.4th 853, 867 [" 'firearms are likely to require different treatment in San Francisco County than in Mono County.' "].) For that reason, while the Legislature has preempted certain areas of gun regulation (for example, licensing requirements and the manufacture, possession, and sale of imitation firearms), it has generally left the field of gun control open to local legislation. (*Id.* at p. 861.)

Plaintiffs argue reporting requirements for missing guns is a discrete area that state law is intended to completely occupy. But we do not find such an indication when we apply the relevant criteria to Penal Code section 25250. The timeframe for notifying law enforcement about a missing gun is not "so fully and completely covered" by state law "as to clearly indicate that it has become exclusively a matter of state concern." (*Sherwin-Williams Co. v. City of Los* Angeles, *supra*, 4 Cal.4th 893, 898.) Penal Code section 25250 is not "couched in such terms as to indicate clearly that a paramount state concern will not tolerate further or additional local action" (*Ibid.*), especially local action to impose a stricter notification requirement. The state concern reflected by the statute is merely that local law enforcement authorities be promptly notified of a lost or stolen gun. The statute is entirely tolerant of local regulation furthering its purpose by requiring even earlier notification.

Nor are missing gun reporting requirements " 'of such a nature that the adverse effect of a local ordinance on the transient citizens of the state outweighs the possible benefit to the' locality." (*Sherwin-Williams Co. v. City of Los Angeles*, *supra*, 4 Cal.4th 893, 898.) "[L]aws designed to control the sale, use or possession of firearms in a particular community have very little impact on transient citizens, indeed, far less than other laws that have withstood preemption challenges." (*Great Western Shows, Inc. v. County of Los Angeles*, *supra*, 27 Cal.4th 853, 867.) Plaintiffs argue that transient gun owners passing through Morgan Hill may be unaware that the local requirement differs from state law. But as we have noted, a significant local interest in regulating firearms consistent with local needs outweighs any corresponding inconvenience to nonresidents. In our view, requiring gun owners to become familiar with the firearm regulations of a jurisdiction in which they reside or bring a gun does not overburden the exercise of their rights.

Given the significant local safety interests at stake, cities are allowed to impose more stringent firearm regulations than state law prescribes. (*Great Western Shows, Inc. v. County of Los Angeles*, *supra*, 27 Cal.4th 853, 870.) The state statute at issue here is intended to ensure prompt reporting of lost or stolen guns. Morgan Hill's ordinance requiring earlier notification to local law enforcement is consistent with that purpose. The ordinance does not conflict with state law and is a permissible local safety regulation.

### III. DISPOSITION

The judgment is affirmed. Costs are awarded to respondents by operation of California Rules of Court, rule 8.278, subdivision (a)(1).

6

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.


_____

Wilson, J.


H048745 - *Kirk et al. v. City of Morgan Hill et al.*

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. 19-CV-346360 |
| Trial Judge: | Hon. Peter H. Kirwan |
| Counsel for Plaintiffs and Appellants Mitchell G. Kirk and California Rifle & Pistol Association, Incorporated: | C. D. Michel<br>Anna M. Barvir<br>Tiffany D. Cheuvront<br>Konstadinos T. Moros<br> Michel & Associates, PC |
| Counsel for Defendants and Respondents City of Morgan Hill, Morgan Hill Chief of Police David Swing, Morgan Hill City Clerk Irma Torrez: | Anthony P. Schoenberg<br>Kelsey D. Mollura<br> Farella Braun +Martel LLP<br><br>Hannah Shearer<br>Esther Sanchez-Gomez<br> Giffords Law Center to Prevent Gun<br> Violence |

H048745 - *Kirk et al. v. City of Morgan Hill et al.*